McAdam, C. J.
It is conceded that a member of a benevolent organization may, for a valuable consideration *352 paid by it, renounce his membership and all benefits belonging to it, but it is claimed that the person for whose benefit the death penalties are payable must consent in order to make the renunciation effectual. We cannot subscribe to the accuracy of this claim, for it has neither force nor legal significance. The rights of a beneficiary in a case of this character must, in the nature of things, depend upon the continuance of the member in good standing upon the books of the society which promises the benefit and reward of good membership. If he resigns, renounces or is expelled by any act or for any misconduct of his, the foundation upon which the inchoate rights of the beneficiary rest ceases, and they cannot, without the consent of the society expressed in official form, ever ripen into anything like a valid claim against it. The interest of the beneficiary is a mere expectancy, not property. The basis for it is gone, and the expectancy fails with it. The constitutional revision of the society, which took effect May 1, 1882, declares such renunciation by the beneficiary unnecessary, and we so regard it.
William Wendt, the plaintiff’s late husband, died July 8, 1886, having at the time of his death no membership in the organization, and no claim of any kind upon it, and no outstanding contract with it for the benefit of anyone. Trué, the defendant’s constitution requires members resigning to renounce their benefits and privileges by a notarial acknowledgment of the necessary papers, and no certificate from a notary was furnished in Wendt’s case. The society had the right to insist upon the observance of this prerequisite if it had chosen to do so. The provision of the defendant’s by-law was inserted for its protection and not for the benefit of anyone else. It has waived the performance of this perfunctory duty in this instance, and the waiver is a complete answer to this formal requirement. The plaintiff had no cause of action against the defendant, and her complaint was properly dismissed.
The judgment appealed from must, therefore, be affirmed, with costs.
Hyatt and Browne, JJ., concur.